**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JULIO CUMBA,                                  :
                                              :   Civil Action No.: 2:24-cv-07129
                    Plaintiff,                :
                                              :
vs.                                           :   **DEFENDANT'S NOTICE OF**
                                              :   **REMOVAL**
UNITED AIRLINES, ABC CORPS 1-10,              :
JOHN DOES 1-10,                               :
                                              :
                    Defendants.               :
                                              :
                                              :

To:   The Honorable Judges
      United States District Court, District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07101

Defendant United Airlines, Inc. ("United" or "Defendant"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court, District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and, in support thereof, respectfully states as follows:

1.     On or about December 11, 2023, Plaintiff Julio Cumba ("Plaintiff") filed a Complaint against United in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-8010-23 (hereinafter the "State Court Action"), which is now pending in that Court.  A copy of the Complaint (with Civil Case Information Statement, Civil Summons, Track Assignment and Lack of Prosecution Dismissal Warning) and Affidavit of Service filed in the State Court Action, which constitute all the processes and pleadings to date, are annexed hereto as **Exhibit A and Exhibit B**.

2.      Defendant United was served with the Complaint in this matter on May 21, 2024. See **Exhibit B**.

3.      Defendant makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

4.      The above-captioned action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that:

(a)      United is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 233 South Wacker Drive, Chicago, Illinois 60606.

(b)      As set forth in the Complaint, Plaintiff is a resident and citizen of the State of Indiana.  See **Exhibit A**.

(c)      Plaintiff brings claims under the New Jersey Law Against Discrimination (*N.J.S.A.* 10:5-12) ("NJLAD") (Count One), Breach of Contract (Count Two), Wrongful Termination at Common Law (Count Three), Unjust Enrichment (Count Five) and Tortious Interference with Prospective Economic Advantage (Count Six).[1]   Plaintiff seeks to recover all compensatory damages to reimburse and make him whole, including but not limited to recovery of lost past and future earnings, and damages for emotional distress and/or pain and suffering. Plaintiff also seeks to recover punitive damages as well as all costs, expenses, and reasonable legal fees. Additionally, Plaintiff seeks to recover any and all other equitable and legal relief as the Court deems just and proper as provided by applicable law.  See **Exhibit A**.  Assuming solely for purposes of this application that

---

[1] The Complaint filed in the State Court Action does not include a "Count Four."

Plaintiff could succeed on his claims, his recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

(d)     Thus, the above-captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant upon whom service has been effectuated.  See 28 U.S.C. § 1332; Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990).  Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which may properly be removed to the Court pursuant to 28 U.S.C. § 1441, *et seq*.

5.     This Notice of Removal is filed within 30 days of Defendant being served with the Complaint.  Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6.     Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the District of New Jersey in that the action was filed in the Superior Court of New Jersey, Law Division, Essex County.  As of this date, no discovery has been issued or commenced.

7.     By filing this notice, Defendant neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

8.     Upon filing this Notice of Removal, Defendant shall give written notice thereof to attorneys for Plaintiff.  Also, Defendant shall file true and correct copies of said Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant hereby respectfully requests that the Court remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States

District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant United Airlines, Inc.*

By:_____
    Jesse Grasty, Esq.
    Whitney Lazo, Esq.
    26 Main Street, Suite 202
    Chatham, NJ 07928
    jgrasty@nfclegal.com
    wlazo@nfclegal.com

Dated:  June 20, 2024

4

# EXHIBIT A

**KIPNIS LAW OFFICES**
Daryl J. Kipnis, Esq. - 023812006
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
Phone: 732-595-5298
Fax: 732-412-7925
Attorney for Plaintiff

| | |
|---|---|
| JULIO CUMBA | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART ESSEX COUNTY |
| Plaintiff | |
| vs. | Docket No. Civil Action (Employment Discrimination / Civil Rights) |
| UNITED AIRLINES, INC., ABC CORPS 1-10, JOHN DOES 1-10 | **COMPLAINT AND JURY DEMAND** |
| Defendants | |

PLAINTIFF, Julio Cumba, residing at 216 Mabry Cove, Ft. Wayne, Indiana, 46825, by way of

Complaint against the above-named Defendants, says as follows:

1. Plaintiff, Julio Cumba, (hereinafter "JC" or "Plaintiff"), was an employee of Defendant

   United Airlines, Inc. (hereinafter "UA" or "Defendant") in the capacity of Ramp Agent /

   Customer Service at Newark-Liberty International Airport, since having been previously

   hired in that capacity by Continental Airlines (which was subsequently acquired by UA)

   on October 12, 1989. He is a 57 year old male U.S. Citizen of Latino/Hispanic heritage

   who was born in the Commonwealth of Puerto Rico, and therefore a member of one or

   more "protected classes" as defined by law, and is an adherent Israelite Christian

~ 1 ~

observant. He is a retired member of the U.S. Army Reserves. He is a member of the International Association of Machinists and Aerospace Workers (IAMAW) Local 141 labor union.

2. Defendant UA holds itself out to the public as a major commercial airline, with its place of business located at 1 Terminal C, Newark Liberty International Airport, Newark, NJ 07114. It is Plaintiff's former employer and is responsible for his damages claimed of herein.

3. Defendant ABC Corps 1-10 are parent/subsidiary/affiliate corporations of Defendant UA whom, as participants in the underlying acts set forth in the Complaint, are responsible for Plaintiff's damages claimed herein.

4. Defendants John Does 1-10 are fictitious designations for persons associated Defendant UA and/or ABC Corps 1-10 whose identities are unknown to Plaintiff at this time, but are responsible for his damages claimed herein as participants in the underlying acts of described in the Complaint.

5. Venue and jurisdiction is proper in the Superior Court of New Jersey, Essex County, Law Division, Civil Part by virtue of the location of Plaintiff and Defendant UA.

## ALLEGATIONS OF FACT

6. On August 6, 2021, prior to any COVID-19 vaccine product receiving FDA approval, UA announced that its U.S. based employees were required as a continued condition of their employment to receive a COVID-19 vaccine and provide proof thereof either five (5) weeks after the FDA announced it fully approved a COVID-19 vaccine, or October 25, 2021, whichever was earlier. On August 23, 2021, the FDA approved the Pfizer / Comirnaty COVID-19 vaccine, to which it had previously conferred Emergency Use

~ 2 ~

Authorization ("EUA"). Five weeks from that date was September 27, 2021. This represented a substantial alteration of the terms of Plaintiff's employment with UA which were governed by its contract with his union. However, unbeknownst to Plaintiff at that time, UA self-imposed a deadline of August 31, 2021 for its employees to seek a reasonable accommodation from this request, which, on information and belief, it arbitrarily and capriciously imposed for no other purpose than to fabricate a reason to deny religious accommodation requests from this requirement from its employees, and to ultimately cull those employees from its ranks who had sincerely held religious beliefs prohibiting their use of a COVID-19 vaccine product.

7. Thereafter, on or about September 8, 2021, Plaintiff submitted a request for a religious accommodation from UA's COVID-19 vaccination requirement electronically via UA's online Employee Service Center.

8. Plaintiff's underlying religious beliefs in question with respect to the vaccine-based job requirement at issue are comprehensive in nature, concern deep and imponderable matters such as life, death, and the afterlife, and are evidenced by formal and external signs. Among Plaintiff's faith-based reasons for objecting to the use of all vaccinations and/or immunizations generally, including, but not limited to the COVID-19 vaccine products, were that doing so would violate his God-given conscience, that same constituted a sin before God which would subject him to divine retribution as the use of a vaccine or immunization product would be a blasphemous affront to divine providence as an act of questioning and/or challenging the sanctity of God's Creation, and that the research, development, testing of said vaccine products, including those for COVID-19, including the elements and methods with which they were created (using aborted fetal

~ 3 ~

feels in their confirmatory lab testing as well as having their creation supported by human genetic modification technology) as well as their functionality were supported by abortion and/or genetic modification which are anathema to his beliefs, thus interfering with the sanctity of God's design for the creation of the human body, which Plaintiff believes must be returned to God upon his death without him having done anything during his life to alter or deviate it from that design, and that God is the "ultimate healer." At no time did any Defendants or any individual acting on their behalf indicate to Plaintiff that there was any dispute concerning the sincerity of Plaintiff's religious beliefs in question.

9. However, Plaintiff was thereafter informed that UA refused to consider his religious accommodation request for no other reason that it was submitted beyond their self-imposed deadline, and thereafter placed Plaintiff on a period of paid suspension, advising him that he had until November 12, 2021 to upload proof of his receipt of COVID-19 vaccination through the company's system, otherwise, his employment would be terminated, essentially attempting to coerce Plaintiff into violating and/or abandoning his sincerely held religious beliefs in order to continue his career of 32 years. Plaintiff's period of paid suspension ended on December 10, 2021, and his employment was terminated effective December 11, 2021.

10. Prior to his termination and thereafter, Plaintiff and his union contested UA's handling and denial of his religious accommodation request on the grounds of unlawful discrimination and violation of the terms of the union contract with UA. UA in response essentially initiated a "Investigative Review" process wherein it absolved itself of any wrongdoing and Plaintiff and his union thereafter initiated a grievance process,

~ 4 ~

culminating in a Third Step Grievance review meeting sometime in 2022, wherein UA again absolved itself of any wrongdoing in connection with its handling of Plaintiff's religious accommodation request and upheld his termination.

11. Plaintiff and his union continued to contest his termination for a period of time following this decision on the grounds of unlawful discrimination and breach of contract. Thereafter, however, sometime in 2023, Plaintiff's union advised him that it had abandoned its efforts to pursue reinstatement of Plaintiff's employment and other terms to resolve his dispute with UA.

12. At no time had UA ever indicated to Plaintiff or his union that it had any dispute as to whether Plaintiff had sincerely held religious belief against the COVID-19 vaccination job requirement at issue, or that it would not have been able to accommodate his request due to "undue hardship." Instead, it has solely taken the position that Plaintiff's request was "untimely," and it therefore refused to consider same on its merits, despite it having a duty under law to do so.

13. On information and belief, other airlines operating within the State of New Jersey routinely granted such vaccine exemption requests to their employees on the basis of their sincerely-held religious beliefs in accordance with law, if they even mandated COVID-19 vaccination in the first instance. In other words, even if they did not wrongfully dismiss and marginalize Plaintiff's sincerely held religious beliefs, no circumstances actually existed upon which UA could justify denying Plaintiff's religious accommodation request in accordance with applicable law on the grounds of "undue hardship."

14. On information and belief, there were several other employees of UA whom were not vaccinated for COVID-19 during this time, and Plaintiff was therefore treated differently and in a disparate manner from those employees on the basis of his sincerely held religious beliefs, age, race, and/or ethnicity.

15. On information and belief, Defendants additionally used the foregoing as a pretext to deny Plaintiff income or other benefits and/or compensation that he reasonably expected to earn pursuant to the union contract, particularly by virtue of his age and seniority within the company, wherein he had earned the ability to work 80 hours per week plus overtime, at a base rate of pay of $32.65 per hour. It is therefore Plaintiff position that Defendants unlawfully discriminated against Plaintiff on the basis of his sincerely held religious beliefs, age, race and/or ethnicity.

16. As a result of the actions of the above Defendants, Plaintiff has suffered the indignity of being marginalized on the basis of his sincerely held religious beliefs, age, race and/or ethnicity, was subjected to a hostile work environment, was denied pay and benefits that he earned and was discriminated against with respect to his compensation, and ultimately, suffered the loss of his employment and income when his employment was terminated, as well as expected loss of future earning potential. Despite his best efforts to mitigate his financial losses as a result of the wrongful termination of his employment, Plaintiff has been unable to do so to date, and has only been able to find sporadic work on a temporary basis at a much lower rate of pay than he had earned from UA.

~ 6 ~

## COUNT ONE – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1 *ET SEQ.*

17. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

18. Plaintiff placed Defendants and/or their respective agents or representatives on notice that he required a religious accommodation from the workplace requirement imposed by UA that he partake in the use of a COVID-19 vaccine product as a condition of his continued employment, as to do so would violate his sincerely-held religious beliefs as described above. In response, Defendants refused to even consider same, marginalizing him for his religious observance, creating a hostile work environment in which those sharing his religious beliefs with respect to creation and abortion as it related to the use of COVID-19 vaccination and vaccinations/immunizations generally were not welcome as members of their "team," and ultimately terminated his employment effective December 10, 2021, causing Plaintiff to be damaged. On information and belief, no "undue hardship" actually existed to support this action by Defendants. After Plaintiff and his union complained to UA's management concerning its unlawful practices, UA initiated a "sham" review process wherein it absolved itself of any wrongdoing in connection with its handling of his religious accommodation request.

19. The actions of the above Defendants constitute violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq* to the extent that Plaintiff was unlawfully discriminated against in connection with his employment on the basis of his religion, age, race and/or ethnicity on theories of "hostile work environment," "quid pro

~ 7 ~

quo," "failure to accommodate," "disparate treatment," and "retaliation" to the extent that Defendants, *inter alia*, constantly pressured Plaintiff to partake in the use of a product they had actual knowledge violated his sincerely held religious beliefs as a condition of keeping his employment, pressuring him to abandon his request for a religious accommodation and become vaccinated in order to keep his job, refusing to consider his request for a religious accommodation due to it being allegedly submitted after their self-imposed "deadline" despite the fact that UA was required by law and had a duty to consider Plaintiff's need for a religious accommodation as well as reasonably accommodate same, subjecting Plaintiff to a "sham" process after he and his union attempted to contest his removal from employment, and ultimately terminating his employment after pressuring him to partake in the use of a product they knew was against his sincerely-held religious beliefs.

20. The New Jersey Law Against Discrimination applies authority concerning the analogous Federal anti-discrimination statutes with respect to the statutory interpretation of its requirements of employers in the State of New Jersey in order to advance the State's interest in protecting employees from workplace discrimination based on certain protected characteristics, including religion. On June 29, 2023, the U.S. Supreme Court ruled in the matter of Groff v. DeJoy that an employer "**must** reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations" and that said requests may only be rejected when it would be "unjustifiable" for an employer to do so based the presentation of a "substantial" burden in the overall context of an employer's business. Here, Defendants unjustifiably denied Plaintiff's religious accommodation request by

~ 8 ~

refusing to even consider it in the first instance, telling him that he must violate his sincerely held religious beliefs under the imminent threat of the loss of his employment, despite the fact that Plaintiff unequivocally placed Defendants on notice that he required the requested accommodation.[1] When Plaintiff justifiably refused to do so, Defendants terminated his employment.

21. On information and belief, no circumstances were present at the time Plaintiff's employment was terminated upon which would tend to demonstrate the existence of any "undue hardship" so as to justify Defendants' denial of Plaintiff's religious accommodation and the termination of his employment as defined and clarified in Groff v. DeJoy, which is retroactive in its application. Defendants' actions in terminating Plaintiff's employment are thereby prohibited by law. On information and belief, Plaintiff was treated differently by Defendants than other employees who were not vaccinated for COVID-19, and it could have accommodated his sincerely held religious beliefs without any substantial impact upon their operations, yet they refused to do so, and instead wrongfully terminated his employment on December 10, 2021.

22. On or before the expiration of the applicable Federal and State COVID-19 vaccine mandates, or after the Groff decision was announced by the U.S. Supreme Court, Defendants could have sought to mitigate both Plaintiff's losses and their potential exposure under law to remediate their prior acts of discrimination by offering Plaintiff reinstatement to his position of 32 years where he had served with distinction, however, they refused to do so.

---

[1] See EEOC v. Abercrombie & Fitch, Inc., 575 U.S. 768 (2014). There is no "time limit" for an employee to submit a religious accommodation request, or even any legal requirement that they "submit" anything at all to their employer– employers are required to engage in an "interactive process" whenever they are placed on notice that their employee requires an accommodation from a job requirement based on their sincerely-held religious beliefs to determine whether same may be reasonably accommodated in accordance with law.

~ 9 ~

23. As a direct and proximate result of the above-described actions of the Defendants,

Plaintiff was the victim of unlawful employment discrimination, and been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to: a declaratory judgment finding that UA's refusal to consider a religious accommodation request from its employees on the sole grounds that same were "untimely" constitutes a violation of the New Jersey Law Against Discrimination and/or a breach of contract, and any relevant injunctive relief, including, but not limited to an Order for the reinstatement of UA's employees whose employment was terminated in this manner.

### COUNT TWO – BREACH OF CONTRACT

25. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

26. The above conduct of Defendants in 1) unilaterally imposing a new job related requirement that he partake in the use of a COVID-19 vaccine as a continued condition of his employment 2) refusing to consider Plaintiff's request for a religious accommodation from said requirement and refusing to investigate Plaintiff's claims of discrimination in good faith, 3) terminating his employment, and then 4) initiating a "sham" review/grievance process

~ 10 ~

after Plaintiff and/or his union complained about the circumstances leading to the termination of his employment constitute a breach of the terms of the union contract pursuant to which Plaintiff was employed with UA.

27. As a direct and proximate result of the above-described actions of the Defendants, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to: a declaratory judgment finding that UA's refusal to consider a religious accommodation request from its employees on the sole grounds that same were "untimely" constitutes a violation of the New Jersey Law Against Discrimination and/or a breach of contract, and any relevant injunctive relief, including, but not limited to an Order for the reinstatement of UA's employees whose employment was terminated in this manner.

## COUNT THREE – WRONGFUL TERMINATION AT COMMON LAW (CONTRACT)

28. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

29. Defendants' termination of Plaintiff's employment and associated denial of various financial benefits he was due to receive had he not been wrongfully terminated, was wrongful at common law and constitutes a breach of the terms of UA's contract with

~ 11 ~

Plaintiff's labor union, as well as an implied contract of good faith and fair dealing implicit in all contracts, including the implied provision that an employer will not discharge an employee for refusing to perform an act that violates a clear mandate of public policy (including, but not limited to: violating his sincerely held religious beliefs which are protected by law by using a vaccine, or reporting discriminatory employment practices, such as UA's improper refusal to consider Plaintiff's request for a religious accommodation). Additionally, on information and belief, Plaintiff's employment was terminated in retaliation for his having complained to Defendants regarding the foregoing.

30. As a direct and proximate result of the above-described actions of the Defendants, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to: a declaratory judgment finding that UA's refusal to consider a religious accommodation request from its employees on the sole grounds that same were "untimely" constitutes a violation of the New Jersey Law Against Discrimination and/or a breach of contract, and any relevant injunctive relief, including, but not limited to an Order for the reinstatement of UA's employees whose employment was terminated in this manner.

## COUNT FIVE – UNJUST ENRICHMENT

Plaintiff repeats and re-alleges all allegations of the Complaint as if fully set forth herein.

31. Defendants' conduct in terminating Plaintiff rather than compensating him appropriately for the work he performed as described above has caused Defendants to become unjustly enriched, and said profits must be disgorged as a matter of law and equity.

32. As a direct and proximate result of same, Plaintiff have been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to: a declaratory judgment finding that UA's refusal to consider a religious accommodation request from its employees on the sole grounds that same were "untimely" constitutes a violation of the New Jersey Law Against Discrimination and/or a breach of contract, and any relevant injunctive relief, including, but not limited to an Order for the reinstatement of UA's employees whose employment was terminated in this manner.

## COUNT SIX – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

33. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

34. Defendants' conduct described in the Complaint interfered with Plaintiff's prospective economic advantage intentionally and with malice by wrongfully depriving his income, compensation and/or benefits that he reasonably expected to earn, with the timing of his termination being immediately before he was due to receive same, the interference caused the loss of the expected advantage, and the injury caused economic damage to Plaintiff.

35. As a direct and proximate result of same, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to: a declaratory judgment finding that UA's refusal to consider a religious accommodation request from its employees on the sole grounds that same were "untimely" constitutes a violation of the New Jersey Law Against Discrimination and/or a breach of contract, and any relevant injunctive relief, including, but not limited to an Order for the reinstatement of UA's employees whose employment was terminated in this manner.

~ 14 ~

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 9, 2023

## DEMAND FOR TRIAL BY JURY

Pursuant to R. 4:35-1, Plaintiff hereby demands trial by jury on all issues so triable.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 9, 2023

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Daryl J. Kipnis, Esq. is hereby designated as trial counsel for the Plaintiff.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 9, 2023

~ 15 ~

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), Plaintiff hereby demands from each named Defendant herein the production of a copy of any and all insurance agreements under which the Defendants may be covered to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse them for payments made to satisfy such judgment.

KIPNIS LAW OFFICES
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 9, 2023

## CERTIFICATIONS PURSUANT TO R. 1:38-7 AND R. 4:5-1

I certify that any confidential personal identifiers have been redacted from any documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b). I further certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

KIPNIS LAW OFFICES
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 9, 2023

~ 16 ~

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008010-23

**Case Caption:** CUMBA JULIO  VS UNITED AIRLINES, INC .

**Case Initiation Date:** 12/11/2023

**Attorney Name:** DARYL J KIPNIS

**Firm Name:** KIPNIS LAW OFFICES

**Address:** 280 MEDFORD-MT. HOLLY RD.
MEDFORD NJ 08055

**Phone:** 7325955298

**Name of Party:** PLAINTIFF : Cumba, Julio

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** YES

**Are sexual abuse claims alleged by: Julio Cumba? NO**

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Fictitious Entities Named

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/11/2023
Dated

/s/ DARYL J KIPNIS
Signed

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


                          DATE:   DECEMBER 11, 2023
                          RE:     CUMBA JULIO  VS UNITED AIRLINES, INC .
                          DOCKET: ESX L -008010 23


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN L. PETRILLO


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 776-9300 EXT 57184.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                     ATT: DARYL J. KIPNIS
                                     KIPNIS LAW OFFICES
                                     280 MEDFORD-MT. HOLLY RD.
                                     MEDFORD          NJ 08055


ECOURTS
```

-

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                        DISMISSAL NOTICE

TELEPHONE - (973) 776-9300 EXT. 57184,JEFFREY BRACAGLIA    TEAM 002
COURT HOURS:  8:30 AM - 4:30 PM

                    DATE: APRIL 19, 2024
                     RE: CUMBA JULIO  VS UNITED AIRLINES, INC .
                  DOCKET: ESX L -008010 23
                  PARTY:   UNITED AIRLINES, INC



        PLEASE TAKE NOTICE THAT ON JUNE 18, 2024     (60 DAYS FROM DATE OF
 THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
 PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
 REQUIRED UNDER THE ABOVE RULES IS TAKEN.


  HON STEPHEN L. PETRILLO                          ATT: DARYL J. KIPNIS
                                                   KIPNIS LAW OFFICES
 _____                   125 HALF MILE ROAD
        JUDGE                                       SUITE 200
                                                   RED BANK      NJ 07701

# EXHIBIT B

JULIO CUMBA

**Plaintiff**

vs

UNITED AIRLINES INC. ET AL

**Defendant**

20240520172431

Superior Court Of New Jersey

ESSEX Venue

Docket Number: ESX L 8010 23

**Person to be served** (Name and Address):
UNITED AIRLINES INC.,
820 BEAR TAVERN ROAD
WEST TRENTON  NJ  08628
**By serving:**  CT CORPORATION SYSTEM, R.A

**Attorney:** DARYL J. KPNIS, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, EXHIBITS, CERTIFICATIONS, DEMANDS

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**      [X] Served Successfully          [ ] Not Served

Name of Person Served and relationship/title:

Date/Time:      5/21/2024 1:40 PM____          _____

[ ] Delivered a copy to him/her personally

SCOTT KUNTZ

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

PERSON AUTHORIZED TO ACCEPT SERVICE

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:M___  AGE: 36-50_  HEIGHT: 5'9"-6'0"____     WEIGHT: 161-200 LBS.____     SKIN:WHITE_____     HAIR:BROWN___  OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:

Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

21st day of May, 2024

Notary Signature_____

Rosemary Ramos          September 25th, 2028
Name of Notary          My Commission Expires



I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____          05/21/2024
Signature of Process Server          Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952